IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

In re: )
)
Jerry Lee Gurganus and )
Heather Dawn Gurganus, ) Case No.: 13-70114-BGC-13
)
      Debtors. )


Jerry Lee Gurganus and )
Heather Dawn Gurganus, )
)
      Plaintiffs, )
)
vs. ) A.P. No.: 14-70054
)
Recovery Systems Management )
Systems Corporation as agent for )
Portfolio Investments II, LLC, et al., )
)
      Defendants. )

**Memorandum Opinion on
<u>Recovery Management Systems Corporation's
Motion to Dismiss Complaint</u>**

### I. Background

    The Plaintiffs-debtors' complaint alleges that the Defendants violated the Fair Debt Collection Practices Act (FDCPA) by filing a proof of claim in the debtors' pending case where the statute of limitations on the debt that served as the basis for that claim allegedly had expired. As support for their complaint, the Plaintiffs-debtors rely on the recent decision of the Court of Appeals for the Eleventh Circuit in <u>Crawford v. LVNV Funding, LLC, et al.</u>, 758 F.3d 1254 (11th Cir. 2014) which held that the filing of a time-barred proof of claim in a bankruptcy case was a violation of the FDCPA.

    The specific matters before the Court are the Plaintiffs-debtors' <u>Complaint Seeking Damages in Adversary Proceeding for Violation of the Fair Debt Collection Practices Act</u> (A.P. Docket No. 1) and the Defendants' <u>Recovery Management Systems Corporation's Motion to Dismiss Complaint Seeking Damages in Adversary Proceeding and Memorandum of Law in Support Thereof</u> (A.P. Docket No. 6).

Case 14-70054-BGC    Doc 15    Filed 01/05/15    Entered 01/05/15 15:58:01    Desc Main
Document      Page 1 of 10

A hearing was held on November 19, 2014. Appearing were: Grant McNutt for the Plaintiffs-debtors; Alan D. Leeth, attorney for the Defendants (specifically for Recovery Management Systems); and Mac Halcomb, the attorney for the Chapter 13 Trustee.[1]

## II. Findings of Fact

The facts necessary to resolve the dispositive issue are simple and not disputed.

The debtors filed the pending Chapter 13 case on January 24, 2013. Case Docket No. 1. The Defendants filed a proof of claim for Claim No. 18 on May 12, 2013. That proof of claim included a debt for which the applicable three-year statute of limitations for the debt may have expired, and therefore, collection of it may have been time-barred.

Contending that the statute of limitations had expired, and pursuant to Crawford, the Plaintiffs-debtors filed the pending complaint against the Defendants on September 23, 2014, arguing that the Defendants attempted to collect a time-barred debt in violation of the FDCPA. A.P. Docket No. 1. The Defendants withdrew Claim No. 18 within a week on October 3, 2014. Case Docket No. 29. No payments were made on the claim before it was withdrawn.

The Defendants filed the pending motion to dismiss on October 23, 2014, A.P. Docket No. 6. In it they contend that because the Plaintiffs did not file their complaint within the one-year statute of limitations that applies to actions brought under the FDCPA, 15 U.S.C. § 1692k(d), the complaint does not state a claim for relief, and thus must be dismissed.

## III. Issue

The threshold and dispositive issue is: Were the Plaintiffs barred by the one-year FDCPA statute of limitations from filing their complaint against the Defendants?[2] As explained below, this Court finds that they were.

---

[1] Additional written arguments were made on a schedule agreed to by the counsel and the Court. The Plaintiffs filed their Plaintiff's Reply Brief to Defendants' Motion to Dismiss on December 12, 2014, A.P. Docket No. 13, and the Defendants filed their Recovery Management Systems Corporation's Reply Brief in Support of Motion to Dismiss Complaint Seeking Damages in Adversary Proceeding on December 19, 2014, A.P. Docket No. 14.

[2] Section 108(c) of the Bankruptcy Code does not apply to extend the FDCPA statute of limitations as the action here is not, "a claim against the debtor, or against an individual with respect to which such individual is protected under section 1201 or 1301 of... [the Bankruptcy Code]." 11 U.S.C.. § 108(c) (parenthetical added).

2

## IV. Parties' Positions

The parties do not dispute that the Plaintiffs filed their complaint in regard to the specific debt represented by Claim No. 18 more than a year after the Defendants filed Claim No. 18.

If that year is considered the one-year FDCPA statute of limitations, and it did in fact expire, the Plaintiffs contend that their, "adversary proceeding serves as a counterclaim to the proof of claim filed by the defendant..." and therefore is not subject to the one-year limitation. Plaintiff's Reply Brief to Defendants' Motion to Dismiss at 7-8, filed December 12, 2014, A.P. Docket No. 13.

The Plaintiffs rely on In re Ferris, 764 F.2d 1475 (11th Cir. 1985), the preeminent opinion in this Circuit on this point. Based on Ferris, the Plaintiffs argue that as a counterclaim, especially as a mandatory counterclaim, its complaint is not subject to the one-year FDCPA statue of limitations.[3]

The Defendants contend that pursuant to the standards adopted by the Supreme Court of the United States in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Plaintiffs' complaint should be dismissed.

The basis of the Defendants' motion to dismiss is that the Plaintiffs were barred from filing the pending complaint because the one-year FDCPA statute of limitations had expired. Factually the Defendants contend that when the proof of claim for Claim No. 18 was filed on May 12, 2013, the one-year statute on the Plaintiffs' FDCPA claim began to run on May 13, 2013, the day after Claim No. 18 was filed or on May 16, 2013, that claim was served on the Plaintiffs. From either date, the Defendants argue that because the Plaintiffs did not file their complaint regarding the filing of Claim No. 18 until September 23, 2014, the one-year FDCPA statute of limitations had expired.

## V. Applicable Law

### A. Motions to Dismiss

This Court stated in Austin v. BFW Liquidation, LLC (In re BFW Liquidation, LLC), 471 B.R. 652 (Bankr. N.D. Ala. 2012) that:

---

[3] The answer to the question of whether the Plaintiffs' complaint is a "mandatory" counterclaim does not effect the resolution of the dispositive issue. For that matter, whether the Plaintiffs' complaint is a "counterclaim" may not even be relevant as the real issue is whether any complaint, counterclaim or otherwise, may be filed after expiration of the FDCPA statute of limitations. The answer to that question lies in a comparison of In re Ferris as a Truth in Lending Act (TILA) case to this and other FDCPA cases.

3

The per curiam opinion in Stillwell v. Allstate Ins. Co., 663 F.3d 1329 (11th Cir.2011) explains, "To survive a 12(b)(6) motion to dismiss, 'a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." ' Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). This plausibility standard 'asks for more than a sheer possibility that a defendant has acted unlawfully.' Id." Id. at 1333.

Id. at 661. This Court has applied that standard in the current proceeding.

## B. FDCPA Statute of Limitations

There is no issue that the statute of limitations on FDCPA actions is one year. 15 U.S.C. § 1692k(d). Consequently, all such actions must be brought within that time.[4]

As stated above, the debtors filed the pending Chapter 13 case on January 24, 2013. The Defendants filed the proof of claim for which the Plaintiffs' claim a violation of

---

[4] See In re Residential Capital, LLC, Case No. 12-12020, 2014 WL 4854445 (Bankr. S.D.N.Y. October 01, 2014) and In re Simmerman, 463 B.R. 47, 60 (Bankr. S.D. Ohio 2011). In Simmerman the plaintiffs also argued that the unlawful attempts to collect the contested debt were ongoing and continuing. Id. at 65. If such action does occur, it may not be barred by the section 1692k(d) one-year limitation. See Kline v. Mortgage Electronic Sec. Systems, 659 F.Supp.2d 940 (S.D. Ohio 2009), reconsideration granted Case No. 3:08CV408, 2012 WL 1376995 (S.D. Ohio April 19, 2012), decision clarified 2013 WL 695890 (S.D. Ohio Feb 26, 2013), decision clarified 2013 WL 753839 (S.D. Ohio Feb 27, 2013), reconsideration denied 2013 WL 5276541 (S.D. Ohio Sep 18, 2013) which included:

> this Court concludes that the Rosses' claim under the FDCPA against LS & R, predicated upon the proof of claim filed in their case under Chapter 13, **must be dismissed as barred by the statute of limitations, since the proof of claim was filed more than one year before this litigation was initiated**. However, the Court concludes that the aspect of the Rosses' claim under the FDCPA, based upon the emphasized allegation in ¶ 125 of the Plaintiffs' Complaint (Doc. # 1), is not so-barred, given that the Plaintiffs allege that the Defendants, including LS & R, continue to seek illegal late fees and the like outside of bankruptcy.

Id. at 952 (bold emphasis added) (underlined emphasis in original).

To the extent that the same argument is made here, the Court notes, as stated above, "The Defendants withdrew Claim No. 18 within a week on October 3, 2014. Case Docket No. 29. No payments were made on the claim before it was withdrawn." Therefore there was no continuing violation.

4

the FDCPA on May 12, 2013. The Plaintiffs-debtors filed the pending complaint against the Defendants on September 23, 2013.

Therefore, if the Plaintiffs' proposed "counterclaim" exception to the FDCRA one-year statute of limitations does not apply, the complaint was barred by the one-year statute, and the Defendants' motion to dismiss is due to be granted.

### C. FDCPA Counterclaims

The Plaintiffs' "defense" to the Defendants' claim that the statute of limitations expired before the Plaintiffs filed the pending complaint, is that their complaint, as a response to the Defendants' filing of a proof of claim in a bankruptcy case, is a counterclaim that is not barred by a statute of limitations. As stated above, the Plaintiffs rely on the opinion of the Court of Appeals for the Eleventh Circuit in In re Ferris, 764 F.2d 1475 (11th Cir. 1985) for this position. That opinion, as quoted in the Plaintiffs' reply to the motion to dismiss explains:

> The case of Gibson v. Parish, 360 Fed. Appx. 974, 978-979 (10th Cir. 2010) is instructive in discussing how an adversary proceeding initiated in response to a proof of claim serves as a counterclaim. In Gibson, the Tenth Circuit cites to Eleventh Circuit authority in holding:
>
>> "In [the case of] In re Ferris, 764 F.2d 1475 (11th Cir. 1985), the Eleventh Circuit agreed that a similar claim brought by a debtor was 'in the nature of a counterclaim against the [proof of] claim filed by' a creditor in a bankruptcy case. Id. at 1477. In Kline v. Zueblin (In re American Export Group International Services, 167 B.R. 311 (Bankr. D.C. 1994), the court held that a proof of claim is 'analogous to a complaint filed in the District Court' and thus a 'proof of claim is properly viewed as a complaint and the debtor's adversary proceeding as a counterclaim to that complaint.' Id. at 313; accord In re Answerfone, 67 B.R. 167, 168 (Bankr. E.D. Ark. 1986); In re Mktg. Res. Int'l Corp., 43 B.R. 71, 72 (Bankr. E.D. Pa. 1984). These cases rely in part on 28 U.S.C. § 157(b)(2)(C), which defines 'core' bankruptcy proceeding to include 'counterclaims by the estate against persons filing claims against the estate.'"

Plaintiff's Reply Brief to Defendants' Motion to Dismiss at 7-8, Docket No. 13.

In the context of Ferris, this Court agrees and has held so in at least two reported opinions.[5]

In Davis v. Wells Fargo (In re Davis), Case No. 10-03274, A.P. No. 10-00083, 2011 WL 2458084 (Bankr. N.D. Ala. Jun 16, 2011), reversed on other grounds, Davis v. Wells Fargo Financial Alabama Inc., Case No. 11-CV-02766-WMA, 2011 WL 12544180 (N.D. Ala. Dec 08, 2011) this Court described the type of cause of action relied on here by the Plaintiffs. It wrote:

## II. CONCLUSIONS OF LAW

Wells Fargo contends that Ms. Davis' TILA recoupment counterclaim is barred by the applicable 1 year statute of limitations.

Ms. Davis contends that TILA permits prosecution of claims based on its provisions for purposes of setoff and recoupment beyond the expiration of the limitations period.

The applicable statute provides as follows:

> Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation or, in the case of a violation involving a private education loan (as that term is defined in section 1650(a) of this title), 1 year from the date on which the first regular payment of principal is due under the loan. **This subsection does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law**.

15 U.S.C.A. § 1640(e)(emphasis added).

---

[5] St. Vincent's Hospital v. Norrell ( In re Norrell), 198 B.R. 987, 997–98 (Bankr. N.D.Ala. 1996) and Davis v. Wells Fargo (In re Davis), Case No. 10-03274, A.P. No. 10-00083, 2011 WL 2458084 (Bankr. N.D. Ala. Jun 16, 2011), reversed on other grounds, Davis v. Wells Fargo Financial Alabama Inc., Case No. 11-CV-02766-WMA, 2011 WL 12544180 (N.D. Ala. Dec 08, 2011). But as stated above, the answer to the issue here lies in a comparison of TILA and FDCPA.

A. Recoupment

The Eleventh Circuit Court of Appeals has concluded that a debtor may raise a violation of TILA as a counterclaim to a claim filed by a creditor in a bankruptcy case. Ferris v. Chrysler Credit Corp. (In re Ferris), 764 F.2d 1475, 1477 (11th Cir.1985).

Federal Rule of Civil Procedure 13(a)(1)(A) provides, a compulsory counterclaim is a claim that the pleader has against an opposing party that, "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim...." Fed.R.Civ.P. 13(a)(1)(A).FN1 The court in Plant v. Blazer Fin. Servs., Inc. (In re Plant), 598 F.2d 1357, 1363 (5th Cir.1979) concluded that a creditor's claim for recovery of a debt arises out of the same transaction as a debtor's cause of action for TILA violations which occurred in connection with the creation of that debt and, therefore, is a compulsory counterclaim to a TILA action brought by the debtor. Hence, a debtor's TILA counterclaim, by the same token, necessarily arises out of the same transaction as a creditor's action to liquidate and collect the debt, represented in the present circumstance by the claim filed by Wells Fargo, and, consequently, constitutes a compulsory counterclaim.

Recoupment is, "The right of a defendant to have the plaintiff's claim reduced or eliminated because of the plaintiff's breach of contract or duty in the same transaction. Black's Law Dictionary (9th ed.2009)(emphasis added). It is, in other words, "A counterclaim arising out of the same transaction or occurrence as the one on which the original action is based." Id. Hence, to the extent of the amount of the debt owed by the defendant to the plaintiff, the terms "compulsory counterclaim" and "recoupment" are virtually synonymous. "In modern practice, the recoupment has been replaced by the compulsory counterclaim." Id. " 'Plea of recoupment' or 'recoupment' shall refer to a compulsory counterclaim." Ala.R.Civ.P. 81(e).

Because, according to Plant, a TILA counterclaim filed in response to a claim filed by a creditor in a bankruptcy case constitutes a compulsory counterclaim, and a recoupment is synonymous with a compulsory counterclaim, a TILA counterclaim filed in response to a claim filed by a creditor in a bankruptcy case necessarily constitutes a recoupment up to the amount of the creditor's claim. The Fifth Circuit Court of Appeals recognized in Equal Employment Opportunity Commission v. First Nat'l Bank of Jackson, 614 F.2d 1004 (5th Cir.1980), "To state a claim in recoupment, a counterclaim must assert a claim arising out of the same transaction or occurrence which is the subject matter of the [plaintiff's] suit and seek relief only to the extent of diminishing or defeating the [plaintiff's]

recovery." Id. at 1008. The Supreme Court of Alabama recognized in Ex parte Fletcher, 429 So .2d 1041 (Ala.1982), "We hold that in a collection suit a counterclaim filed for violation of TILA disclosure provisions is compulsory and is in the nature of recoupment, and under Rule 13(c) it relates back to the time the original plaintiff's claim arose." Id. at 1044.

Therefore, because Ms. Davis' TILA counterclaim, which is made the basis of her objection to the claimant's claim, was brought in response to that claim, and arises out of the same transaction as the claim, and seeks reduction of the same to the extent of any judgment awarded to her based on that counterclaim, it necessarily constitutes a recoupment and, consequently, falls within the savings provision of 15 U.S.C. § 1640(e). Coxson v. Commonwealth Mortgage Co. Of America (In re Coxson), 43 F.3d 189, 194 (5th Cir.1995); Tarver v. Citifinancial Auto, Ltd. (In re Tarver), 2007 WL 1876369, *3 (June 28, 2007, Bankr. M.D. Ala.).

Id. at *2-*3 (emphasis in original) (footnote omitted).

However – Ferris, this Court's opinions like the one quoted above, and the Plaintiffs' position here are distinguishable from the instant situation. As this Court explained above from Davis, it was the recoupment savings clause in the TILA statute of limitations that not only created the counterclaim exception, but also allowed a complaint to be filed outside of the TILA statute of limitations.

There is no such exception in the FDCPA statute of limitations.[6] The statutory provisions reads simply:

Jurisdiction

An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to

---

[6] The court in Shetiwy v. Midland Credit Mgmt., 980 F.Supp.2d 461 (S.D.N.Y. Sept. 2013), citing Sykes v. Mel Harris & Assocs., LLC, 757 F.Supp.2d 413, 422 (S.D.N.Y.2010) (citing State of New York v. Hendrickson Bros., Inc., 840 F.2d 1065, 1083 (2d Cir.1988)) described another exception that may apply in some statute of limitations situations. It quoted:

A statute of limitations may be tolled in extraordinary circumstances, if a plaintiff establishes that: (1) the defendant concealed from him the existence of his cause of action; (2) he remained in ignorance of that cause of action until some length of time within the statutory period before commencement of his action; and (3) his continuing ignorance was not attributable to lack of diligence on his part.

Id. at 474. Again, that exception does not apply here.

8

the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

15 U.S.C.A. § 1692k(d).[7]

The difference here is clear.[8] There is no "savings clause" in a FDCPA situation. Consequently, there is no "counterclaim" possibility in a FDCPA case like the one the Eleventh Circuit referred to in Ferris, and the one the Plaintiffs rely on here.

## VI. Conclusions

Based on the above, the Court concludes that the Plaintiffs' complaint, because it was not filed within one year of the action complained of, is due to be dismissed because it was barred by the one-year FDCPA statute of limitations.

---

[7] See Note 4 above in which the court in Kline v. Mortgage Electronic Sec. Systems, 659 F.Supp.2d 940 (S.D. Ohio 2009) found that a FDCPA complaint based on the filing of a proof of claim filed in a Chapter 13 must be dismissed as barred by the statute of limitations where the complaint was filed more than a year after the proof of claim. See also Carlson v. U.S. Bank Home Mortg., Case No. 12-531, 2012 WL 6861333 (D. Minn. December 07, 2012) which included:

> Moreover, Carlson's FDCPA claims relating to the initiation of foreclosure proceedings are barred by the statute of limitations. The FDCPA provides that any action to recover damages must be brought under the statute within one year of the violation. 15 U.S.C. § 1692k(d). Carlson filed the 532 case on December 9, 2011. He asserts that U.S. Bank and Strobel & Hanson initiated foreclosure proceedings against him in January 2010. (The 532 case, Compl. 3 n. 7.) Carlson therefore filed his FDCPA claims after the statute of limitations expired, which occurred at the latest on January 30, 2011.
>
> Thus, this Court concludes that Carlson's FDCPA claims relating to foreclosure proceedings should be dismissed.

Id. at *8. See also Howard v. Wells Fargo Home Mortg., Case No. 3:11-CV-116, 2011 WL 3812929, *3 (S.D. Ohio August 08, 2011) ("any FDCPA claim is barred by the one-year statute of limitations in 15 U.S.C. § 1692k(d)".

[8] See Williams v. Countrywide Home Loans, Inc., 504 F.Supp.2d 176 (S.D.Tex. 2007) and In re Chabot, 369 B.R. 1 (Bankr. D.Mont. 2007) for discussions of types of causes of action and their limitations.

9

A separate Order will be entered contemporaneously with this Memorandum Opinion.

Dated: January 5, 2015 /s/Benjamin Cohen
BENJAMIN COHEN
BC:pb United States Bankruptcy Judge